UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BEYKER JAYRO ALVAREZ CASTILLO,

Petitioner,

v.

ORESTES CRUZ, et al.,

Respondents.

No. 1:26-cv-06620-DAD-CKD

ORDER GRANTING IN PART PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAING ORDER AS MOOT

(Doc. No. 1, 2)

On August 19, 2026, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On the same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.)

Later the same day, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) In that same order, the court directed if respondents opposed the court ruling on the underlying petition based on the current briefing before it,

/////

respondents were to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On August 24, 2026, respondents filed an opposition to the motion for temporary restraining order. (Doc. No. 8.) Therein, respondents argue that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) but acknowledged that *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026) holds that § 1226(a) governs petitioner's detention. (*Id.* at 1.) Respondents argue that petitioner is therefore entitled to seek custody redetermination. (*Id.*) Respondents do not oppose the court deciding this case on the merits, and the court will do so.

Respondents also attach evidence to their opposition, which indicates that petitioner was previously detained and released on his own recognizance. (Doc. No. 8-1 at 3.) In light of the evidence that petitioner was previously released, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release and that his re-detention absent a pre-deprivation hearing violated due process. Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons explained above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:
    a. Respondents are ORDERED to immediately release petitioner Beyker Jayro Alvarez Castillo, A-File No. 246-996-631, from respondents' custody on the same conditions he was subject to prior to his recent re-detention;
    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation bond hearing before an immigration judge at which hearing the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting him *habeas* relief;

3. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Center; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **August 25, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE